## GOURAUD V. TRUST.

*Trade-mark — infringement of — use of surname.*

Plaintiff had for some years manufactured and vended an article called "Gouraud's Oriental Cream." Defendants, sons of plaintiff, but having a different surname, commenced to manufacture and vend an article of like nature with plaintiff's, which they labeled "Dr. T. F. Gouraud's Sons' Crême Orientale." *Held,* that plaintiff was entitled to an injunction restraining the action of defendants.

APPEAL by defendants from an order at special term, continuing an injunction. The action was brought by Trust Felix Gouraud against Andreas H. Trust and another, to restrain the use by the latter of an alleged imitation of plaintiff's trade-mark. The plaintiff, whose original name was Trust, had been for some years engaged in manufacturing and vending a cosmetic, which he designated and labeled as "T. Felix Gouraud's Oriental Cream and Magical Beautifier." In 1870, he, by legal proceedings, changed his name to the one he now bears. In February, 1874, the defendants, who are sons of plaintiff, commenced to manufacture and vend a cosmetic which they designated and labeled as "Crême Orientale, by Dr. T. F. Gouraud's Sons." The bottles and labels were not so far as their general appearance was concerned, in imitation of those of plaintiff. Such other facts as are material appear in the opinion.

*Amos G. Hull,* for appellants, cited *Town* v. *Stetson,* 5 Abb. (N. S.) 218 ; *Burgess* v. *Burgess,* 17 Eng. L. & Eq. 257 ; *Faber* v. *Faber,* 49 Barb. 357 ; S. C., 3 Abb. (N. S.) 115 ; Upton on Trademarks, 218, 220; *Partridge* v. *Menck,* 2 Sandf. Ch. 622; *Amoskeag Manuf. Co.* v. *Spear,* 2 Sandf. 599, 612; *Corwin* v. *Daly,* 7 Bosw. 222; *Candee* v. *Deere,* 5 Am. Rep. 125; *Wotherspoon* v. *Currie,* 23 L. T. (N. S.) 443; *Canal Co.* v. *Clark,* 13 Wall. 311; *Fetridge* v. *Wells,* 4 Abb. 144 ; *Batty* v. *Hill,* 8 L. T. (N. S.) 791 ; *Wolfe* v. *Goulard,* 18 How. 64 ; *Williams* v. *Johnson,* 2 Bosw. 1.

*C. C. Egan,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Gouraud v. Trust.

DAVIS, P. J.   A careful examination of the pleadings and affidavits on which this motion was made and opposed, leads me to the same conclusions reached by the court below.

The form adopted by appellants to name and advertise their preparation, which, it is conceded, is identical with that made by respondent, seems *prima facie* to be a studied effort to mislead the public into the belief that the article is prepared and sold by respondent, or perhaps that appellants are his successors to the business and reputation or good-will that respondent has, during the last twenty-five years, established.   It is true, the appellants are the sons of the respondent, but their name is Trust and not Gouraud.

They have the right to describe themselves as Dr. Gouraud's sons when any question of genealogy or legitimacy arises, or when their identification as his children becomes important, but they have no legal or moral right to connect that description in the form they have done, with the name of his preparation, changed so slightly as it is, for the purpose of misleading the public and securing a trade designed for and supposed by purchasers to be given to him.

It seems to me that this is the violation of his right and property to which their conduct tends, and that they cannot shield themselves from the consequences by any pretext of filial respect for the name to which, in law, the father is alone entitled.

For these reasons and those given in the opinion of the court below* the order should be affirmed, with $10 costs, besides disbursements.

*Order affirmed.*

---

*The following is the opinion at special term referred to :

DONOHUE, J.   It is to be hoped that these parties may let the litigation of the family for years rest, but, whatever they may do about it, it is the duty of the court to protect each in their rights.   The plaintiff has the right to the name he bears and uses, and the name he employs on his goods, and by his energy and perseverance, whatever may be his faults, has obtained a large sale for them.   This proceeding, as I understand it, is not of the character of those asking to be protected in the use of mere name of goods—as "a thousand flowers" or the like, but simply that these defendants shall not so entitle their goods or put them up by any false device to make purchasers believe the goods sold by them are those of the plaintiff ; in other words, they cannot use the plaintiff's name and credit to destroy his trade.   In this case it is apparent by inspection that the defendants, while varying the shape of the label and its style, still, by the use of the plaintiff's name in the manner they do, hold out that the goods sold by them are—not as good or of the same quality as the plaintiff's—but his goods, so that persons asking for them may be deceived.   They pretend that they are willing to do any thing to avoid the appearance of imitation, but this is wholly at variance with the use of a name they have no right to.